McGREGOR W. SCOTT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>ALEJANDRO MOLINA SANCHEZ,<br><br>           Defendant. | CASE NO. 1:19-CR-00190-NONE<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING CHANGE OF PLEA HEARING; FINDINGS AND ORDER<br><br>DATE: October 30, 2020<br>TIME: 8:30 a.m.<br>COURT: Hon. Dale A. Drozd |

## **BACKGROUND**

A grand jury indicted Defendant on one count of Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, in violation of 21 United States Code, Sections 846 and 841 (a)(1) & (b)(1)(A), and one count of Distribution of Cocaine and Methamphetamine, in violation of 21 United States Code, Section 841(a)(1), (b)(1)(A) & (b)(1)(C). Dkt 19. On September 9, 2020, the parties entered into a plea agreement. Dkt 33.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23

1  § 15002(b)(2).

2  On March 29, 2020, the Judicial Conference of the United States made the findings required by
3  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the
4  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the
5  Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the
6  functioning of the federal courts generally."

7  On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings
8  required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure
9  and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted
10 in person without seriously jeopardizing public health and safety." Accordingly, the findings of the
11 Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take
12 safely take place in person.

13 In order to authorize plea hearings by remote means, however, the CARES Act—as implemented
14 by General Order 620—also requires district courts in individual cases to "find, for specific reasons, that
15 felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests
16 of justice." General Order 620 further requires that the defendant consent to remote proceedings.
17 Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not
18 reasonably available." In such cases, district courts may conduct hearings by teleconference.

19 The parties hereby stipulate and agree that each of the requirements of the CARES Act and
20 General Order 620 have been satisfied in this case. They request that the Court enter an order making
21 the specific findings required by the CARES Act and General Order 620. Specifically, for the reasons
22 further set forth below, the parties agree that:

23 1) The plea hearing in this case cannot be further delayed without serious harm to the
24 interest of justice, given the public health restrictions on physical contact and court closures existing in
25 the Eastern District of California;

26 **2)** The defendant waives his physical presence at the hearing and consents to remote hearing
27 by videoconference and counsel joins in that waiver.

28 **STIPULATION**

S<small>TIPULATION</small> R<small>EGARDING</small> H<small>EARING</small>         2

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

10. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11. The plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

12. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated:  October 21, 2020                         McGREGOR W. SCOTT
                                                 United States Attorney


                                                 /s/ STEPHANIE M. STOKMAN
                                                 STEPHANIE M. STOKMAN
                                                 Assistant United States Attorney


Dated:  October 21, 2020                         /s/ Alonzo Gradford
                                                 Alonzo Gradford
                                                 Counsel for Defendant
                                                 ALEJANDRO MOLINA
                                                 SANCHEZ

STIPULATION REGARDING HEARING                4

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The plea hearing in this case cannot be further delayed without serious harm to the interest of justice;

    b) The defendant has waived [his/her] physical presence at the hearing and consents to remote hearing by videoconference; and

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 620, the plea hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated: __October 23, 2020__          _/s/ Dale A. Drozd_
                                     UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING HEARING                5